UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

"IN ADMIRALTY"

GERARD D. BLOMBERG,

      Plaintiff,

vs.                                  Case No. _____

The Unnamed 65ft Motor Vessel with
Hull Number "SWIFT SHIPS 0053,"
its engines, tackle, apparel, etc., *in rem*,

      Defendant.

_____/

## VERIFIED COMPLAINT

GERARD D. BLOMBERG, Plaintiff, as and for his complaint against the
Unnamed 65ft Motor Vessel with Hull Number "SWIFT SHIPS 0053," its engines,
tackle, apparel, etc., *in rem*, alleges as follows:

## JURISDICTION AND VENUE

1.    This is an *in rem* petitory action that is within the admiralty and
maritime jurisdiction of this Court pursuant to 28 U.S.C.A. §1333 and Rule D,
Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      Venue lies within the United States District Court for the Middle District of Florida because the defendant Vessel is currently located in Citrus County, within this district.

## PARTIES

3.      At all times material hereto, GERARD D. BLOMBERG was, and is, an individual resident and citizen of Citrus County, Florida.

4.      The Unnamed 65ft Motor Vessel with Hull Number "SWIFT SHIPS 0053" (the "Vessel") was built as a "Utility Boat" by Swiftships, Inc. of Morgan City, Louisiana.  It was believed to have been built in 1972.

## FACTUAL ALLEGATIONS

5.      Upon information and belief, the Vessel was originally owned and operated by a government, and has never been registered or documented by any private owner under the laws of any state or country.

6.      By 1999, the Vessel was a bare hull and not operational.  It had no engines, fuel tanks, generators, or machinery.

7.      Plaintiff purchased the Vessel in 1999 from an unknown seller, and intended to refurbish and repair the Vessel to an operable condition.

8.      Since the Vessel was a bare hull and not operational at the time, Plaintiff did not seek to have the Vessel titled in the State of Florida or otherwise documented with the United States Coast Guard Vessel Documentation Center.

2

9.     After purchasing the Vessel, Plaintiff took possession of the Vessel and transported it by towing it over water from the Miami area to his residence in Crystal River, Florida, where it has remained afloat on the Withlacoochee River.

10.    Since purchasing the Vessel, Plaintiff has substantially repaired and upgraded the Vessel such that it is now mechanically in fully operable condition. The following is a list of principal components added to the vessel:

a.     Starboard Main Engine. Make Caterpillar, Model No. D333T, Series C. Serial No. 67D 383, CCW Rotation.

b.     Port Main Engine. Make Caterpillar, Model No. 3306PC, Serial No. 66D25296, Arrangement No. 4N9962, CW Rotation.

c.     Each main engine has a direct coupled reducing gear clutch by Twin Disc.

d.     Generator Set. Make Caterpillar, Model No. D330T, Series C. Serial No.: 4B3875, CCW Rotation. Engine is direct-coupled to a Riverways Electric alternator, Model No. TNC3-250-4, producing 58kW, 72kVA, 480/277V, 60Hz, 1800rpm, power factor 0.8.

e.     Generator Keel Cooler. Make R.W. Fernstrum Company. Type: Grid Cooler, Model No. C860C.

f.     Tunnel Thruster: Make Samos, Model 12HT, Model H012T005. 12-inch diameter, stainless steel, with 7 blade highly skewed

3

propeller. Driven by fully proportional hydraulic van type cartridge motor, 31 GPM at 2500 psi.

      g.     Hydraulic Power Unit. 50HP, 230/460V, 3PH, 111.6/55.6A, 1775 RPM.

      h.     Cooling Water Pump: 7HP, 230V, 3PH, 17.7A, 3540 rpm.

      i.     Fuel Transfer Pump: 3.3HP, 230V, 3PH, 3.3A, 1150 rpm.

      J.  Fuel Tanks, fuel piping, cooler water piping, exhaust piping, hydraulic piping, and electrical improvements have been made as well. Aluminum deck plates and associated framing were added in the machinery spaces.

11.    After completing the repairs and upgrades and returning the Vessel to an operational state, Plaintiff attempted to title the Vessel under the laws of the State of Florida.

12.    The State of Florida refused to provide a title to the Vessel because the Vessel was not previously titled or documented.

13.    Since purchasing the Vessel in 1999, Plaintiff has maintained possession and ownership of the Vessel.

14.    Plaintiff is not aware of any other individual or entity who asserts any right, title, or ownership interest in the Vessel, and there are no known liens nor encumbrances.

4

15.     By virtue of his ownership of the Vessel, Plaintiff is entitled to secure in his own name title to the Vessel.

WHEREFORE, GERARD D. BLOMBERG prays:

A.      That a warrant for the arrest of the Vessel may issue, placing the Vessel under the custody and control of the Marshal for the Middle District of Florida, pending turning over the vessel to Plaintiff as substitute custodian;

B.      That any person claiming to have any interest in the Vessel, be cited to appear before this Court and show why clean title to this vessel should not be delivered to GERARD D. BLOMBERG;

C.      That any person claiming to have any interest in the Vessel, be cited to appear before this Court and show why this Court should not issue a satisfaction of or cancellation of any claimed lien;

D.      That this Court issue a decree that GERARD D. BLOMBERG be granted free and clear title to the Vessel; and

E.      That Plaintiff has such other and further relief as may seem just to the Court in the premises.

Respectfully submitted,

Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida  33602

5

Telephone:  (813) 221-1500
Facsimile:   (813) 222-3066
ethiel@bankerlopez.com
Attorneys for Plaintiff

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, GERARD D. BLOMBERG, under penalty of perjury, state that I am familiar with the facts of this matter, have read the Complaint, and verify that the foregoing is true and correct to the best of my knowledge, information, and belief.

GERARD D. BLOMBERG

Dated this _15th_ day of April, 2022.